AYERS *et ux. v.* TONKEL *et al.*\*

(Division B. April 6, 1925.)

[103 So. 361. No. 24656.]

APPEAL AND ERROR. *Verdict based on conflicting evidence not disturbed on appeal.*

> Plaintiffs sold defendants certain real estate, and on default in payment of the notes taken in part payment foreclosed the deed of trust, bought in the property, and entered suit on the notes; and afterwards a new agreement was entered into by which the former purchasers repurchased the property, assuming certain obligations of the seller under which there was an agreement to dismiss the suit on the notes; and, where there was a dispute as to when and on what conditions the suit was to be dismissed, and there was a conflict in the evidence with reference thereto, the verdict of the jury will not be disturbed on appeal.

---

\*Headnote 1. Appeal and Error, 4 C. J., Section 2836; See 2 R. C. L., pp. 194, 196; 1 R. C. L. Supp., p. 433; 4 R. C. L. Supp., p. 90, 5 R. C. L. Supp., 79.

APPEAL from circuit court of Bolivar county, Second District.

HON. W. A. ALCORN, JR., Judge.

Action by A. M. Ayers and wife against M. Tonkel and another. From judgment for defendants, plaintiffs appeal. Affirmed.

*Scott & Scott,* and *Clark, Roberts & Hallam,* for appellants.

To summarize, we say that the appellants were entitled to the peremptory instruction requested because: First and foremost: Even admitting for the sake of the argument that Mr. Chapman made any such agreement as is alleged in the plea of the appellees, yet his principal, Mr. and Mrs. Ayers, never authorized any such agree-

ment; never ratified any such agreement; and never, with a knowledge of the facts, accepted and retained any benefits therefrom.

Second: Admitting for the sake of the argument that Mr. Chapman made any such alleged agreement, and further admitting for the sake of the argument that it was authorized and ratified by Mr. and Mrs. Ayers, yet Tonkel and Bishop, on their own admission, never carried out and performed all the things which they themselves said were to be done before the old notes would be cancelled and surrendered.

Third: The peremptory instruction should have been granted because the testimony adduced on behalf of the defendants does not support their plea that the old notes were to be surrendered and cancelled before performance of their new promises. That is to say, their own testimony is too vague and uncertain, showing that they themselves did not have a clear idea that any such agreement as alleged in their plea was made, and their own testimony certainly not being sufficient to even tend to prove that Mr. and Mrs. Ayers understood it the same way they did or that anybody else understood it the same way they did.

Fourth: The peremptory instruction should have been granted because the testimony adduced on behalf of the defendants is not sufficient to show that Mr. and Mrs. Ayers would have had a right to sue on the alleged new agreement. Tonkel and Bishop said that they assumed the twenty-two thousand dollars of notes due by Ayers to the Jackson creditors but they could not state how they assumed it; they said they endorsed the notes, but did not, and the only evidence of any such assumption was in a deed which was placed in escrow awaiting the performance of certain conditions, which conditions were never fulfilled and which said deed never became effective.

*Shands, Elmore & Causey,* for appellees.

This court has repeatedly held that where there is the slightest conflict in the testimony, the issues of fact should

be submitted to the jury, in fact the court has held that where the evidence is equivocal and susceptible of two interpretations the court should not give a peremptory instruction, but should submit the case to the jury. *Moreland* v. *Newberger Cotton Co.*, 94 Miss. 572. In the case at bar there is a direct conflict in the testimony and the case was properly submitted to the jury.

This court has repeatedly and consistently held that it will not disturb the finding of the jury in such a case. *St. Louis & S. F. R. Co.* v. *Bowles*, 107 Miss. 97, 64 So. 868; *Estes* v. *Jones*, 80 So. 526; *Fox* v. *Matthews*, 3 Miss. 433.

ETHRIDGE, J., delivered the opinion of the court.

Appellants, A. M. Ayers and wife, Mary B. Ayers, were plaintiffs in the court below and the appellees were defendants. The suit was based upon certain promissory notes given by the appellees to the appellants. There was a judgment for the defendants from which this appeal is prosecuted by the plaintiffs.

The facts pertinent to the case are that the appellees, Tonkel & Bishop, purchased from A. M. Ayers and Mary B. Ayers, the appellants, eight hundred and ten acres of farm land in Sunflower county, Miss., on the 21st day of November, 1919, at which time the appellees paid twenty thousand dollars cash, executed notes to the amount of sixty-one thousand dollars, and assumed an indebtedness of forty thousand dollars making the purchase price approximately one hundred and twenty-one thousand dollars. In January, 1920, another payment of twenty thousand dollars cash was made by Tonkel & Bishop, defendants. The next note became due in January, 1921, being for five thousand dollars, which the defendants were unable to pay. The appellants under the terms of the deed of trust had the option of advancing the maturity of the other outstanding notes, and they exercised said option, maturing all of the notes, and on

April 4, 1921, the deed of trust securing the notes was foreclosed, and Mrs. Mary B. Ayers at such sale became the purchaser at and for the sum of ten thousand dollars, subject to the outstanding indebtedness of forty thousand dollars. Prior to the foreclosure Mr. and Mrs. Ayers had borrowed from the Capital National Bank of Jackson, Miss., twenty-two thousand dollars and had secured said loan by the outstanding notes for forty-one thousand dollars. After the foreclosure and purchase of the land by Mrs. Ayers the transaction with the Capital National Bank was refinanced, and the loan increased until it amounted to twenty-two thousand seven hundred thirty-three dollars and thirty-three cents, which amount was borrowed from the Citizens Savings Bank & Trust Company, affiliated with the Capital National Bank, and secured by deed of trust on the land and also by the outstanding notes of the defendants, Tonkel & Bishop.

Tonkel & Bishop remained in possession of the land, and it seems that the validity of the foreclosure proceedings was disputed. Mr. and Mrs. Ayers brought an unlawful-entry and detainer suit in Sunflower county for the possession of the lands and for use and occupation, and recovered a judgment against the defendants for seven thousand five hundred dollars for rent of the lands for the year 1921. This judgment was appealed to the circuit court, and was pending when negotiations were entered into between Tonkel & Bishop and Mr. and Mrs. Ayers through their attorney, Mr. Chapman, who was the trustee in the deed of trust. In December, 1921, there was a meeting between the attorney, Mr. Chapman, and the defendants, Tonkel & Bishop, looking to a compromise, and as a result of such conference the following instrument was executed on the 26th day of December, 1921:

"Shaw, Mississippi, Dec. 26, 1921.

"Received from Tonkel & Bishop one thousand dollars, part payment of contract entered into this day by and between Mary B. Ayers and A. M. Ayers, and Tonkel

& Bishop, whereby Mary B. and A. M. Ayers agree to
execute deed to the eight hundred ten acres of land in
Sunflower county, known as their home place, on condi-
tion that Tonkel & Bishop assume all indebtedness due
and to become due on said land, and to pay to Mary B.
Ayers one thousand dollars in cash, and to execute two
notes of two thousand five hundred dollars each due
January 1, 1923, and to pay 1920 taxes on said land as
paid by McCarthy and to pay attorney's fees of one
thousand five hundred dollars, one-half cash, and to give
certificate of deposit by Bank of Shaw due December 21,
1922, and to pay insurance as paid by Ayers of five
hundred fifty dollars in cash to said Ayers, and to dis-
miss all suits at cost of Tonkel & Bishop, and to surren-
der all Tonkel & Bishop notes as soon as the Jackson
creditors are satisfied as to amount due them by pay-
ment or satisfaction made with them.

"[Signed]        MARY B. AYERS,
                "A. M. AYERS,
        "By P. C. CHAPMAN, Attorney.
                "M. TONKEL,
                "J. W. BISHOP."

In accordance with the terms of this agreement Ton-
kel & Bishop gave to Mr. Chapman their check for one
thousand dollars, which check was paid on December 27,
1921. The deed of trust to the "Ayers home place" was
drafted and executed and acknowledged by the Ayers
and by Tonkel & Bishop on December 29, 1921. Ton-
kel & Bishop and Mr. Chapman, the attorney for the
Ayers, then went to Jackson, Miss., on December 31,
1921, to satisfy the Jackson creditors of the Ayers.
After some negotiations, an agreement was obtained
from the bank at Jackson, by which the amount due by
the Ayers was to be extended and paid in three pay-
ments; a rent note for the year 1922 for six thousand
two hundred and fifty dollars of one J. B. Freeman,
given to Tonkel & Bishop for the rent of the place in-
volved in litigation, was assigned to the bank, which
rent note was subsequently paid; and an attorney's fee

of one thousand five hundred dollars to the attorneys for Mr. and Mrs. Ayers was assumed by Tonkel & Bishop, seven hundred and fifty dollars thereof being paid. At ·the time of this transaction the above-stated· suits had been filed upon the notes in question, and were then pending in the circuit court of Bolivar county, said suit having been filed on August 31, 1921.

On December 31, 1921, the Citizens Savings Bank & Trust Company of Jackson, Miss., addressed a letter to Tonkel & Bishop, which stated that in reference to the indebtedness amounting to twenty-two thousand seven hundred and thirty-three dollars and thirty-three cents, which under deed of date December 29, 1921, they had assumed to pay, reciting a payment of one thousand five hundred one dollars and twenty cents, which sum paid the interest on the said indebtedness to January 1, 1922, and paid the principal down to twenty-two thousand dollars, and agreed that if Tonkel & Bishop would do certain things this debt due by Mr. and Mrs. Ayers would be extended to three annual payments, amounting to seven thousand three hundred and thirty-three dollars and thirty-three cents each. The papers were placed in the custody of Mr. Chapman, the attorney, to be held by him. Tonkel & Bishop also paid the taxes above mentioned and the insurance above mentioned. Subsequently Tonkel & Bishop were unable to meet the payments as provided for in the contract with the bank and Mr. and Mrs. Ayers, and the land was taken by the bank in satisfaction of the balance of the bank's debt. The notes sued on here which had been held by the bank as collateral security for some reason were placed in the custody of Edward W. Freeman of Jackson, Miss., one of the officers of the Capital National Bank, and an assignment filed in the papers in this suit.

There was a conflict in the evidence as to when these notes were to be surrendered and when the suit was to be dismissed, which was submitted to the jury by the court and resolved in favor of the defendants, whose theory it was that these notes were to be surrendered

and the suit dismissed on the execution of the papers to the bank by the defendants assuming the debt which the Ayers owed the bank.

The principal assignment of error is that the evidence is insufficient to warrant a verdict for the defendants, and that the court should have granted to plaintiffs a peremptory instruction for the amount of said notes, less the amount of money actually paid by Tonkel & Bishop under the settlement, which peremptory instruction was refused by the court.

We think the evidence was sufficient to go to the jury on this issue, and that the peremptory instruction for the plaintiffs on this issue was rightly refused. Appellants say that the testimony is insufficient to show that Mr. Chapman had authority to execute the contract above set out for the plaintiffs, and that the plaintiffs only agreed to release the balance of the indebtedness when the amount was fully paid, and not upon the execution of the papers above referred to. It is shown that Mr. and Mrs. Ayers, after the execution of the contract by Mr. Chapman, executed the deeds and acknowledged them in pursuance of the contract; that Mr. Chapman had disclosed to them that he had made a settlement agreement, and, as they executed the papers in pursuance of the contract so made, they in effect ratified Mr. Chapman's act, and we think the jury warranted in so finding and the court in holding that it was a question for the decision of the jury.

The plaintiffs having accepted the fruits of the compromise and settlement, and the obligations of the plaintiffs to the bank having been discharged, they could not maintain suits on the original notes, but would be remitted to the new obligations outstanding, assuming that the facts as found by the jury are true, as we must assume from this record, it being the function of the jury to decide issues of fact.

We think there is no reversible error in the instructions and the judgment will therefore be affirmed.

*Affirmed.*